# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| HORACE E. HOLLIS,<br>    No. 483996, | ) <br> ) <br> ) | |
|     Petitioner, | ) <br> ) | No. 3:17-cv-00626 <br> Judge Trauger |
| v. | ) <br> ) | |
| GRADY PERRY, Warden, | ) <br> ) | |
|     Respondent. | ) | |

## M E M O R A N D U M

Pending before the court are the following motions by the petitioner: motion for leave to amend original petition (Docket No. 9), to which no response has been filed; a motion for appointment of counsel (Docket No. 18), opposed by the respondent (Docket No. 19); and a motion to supplement the record (Docket No. 23), also opposed by respondent (Docket No. 25).

**I.  Background**

On March 20, 2017, the petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). He also filed a motion to hold his case in abeyance while he pursued further state court proceedings. (Docket No. 4).

By order entered on April 25, 2017, the court granted the petitioner's motion to stay and abey and directed the Clerk to administratively and temporarily close this file. (Docket No. 5). The court directed the petitioner to file a motion to reinstate this case on the court's active docket promptly following the termination of the state-court post-conviction proceedings. (*Id.*)

The petitioner filed a motion to reopen the case on June 16, 2017, after having exhausted his state court remedies. (Docket No. 6). By order entered on December 7, 2017, the court granted the petitioner's motion and directed the Clerk to administratively reopen this action. (Docket No. 8). In

the same order, the court directed the respondent to file an answer, plead or otherwise respond to the petition in conformance with Habeas Rule 5. (*Id.*)

On December 7, 2017, the petitioner filed a motion for leave to amend the original petition "in order to show exhaustion of all state court remedies." (Docket No. 9). On January 19, 2018, the petitioner filed a motion seeking the appointment of counsel. (Docket No. 18), to which the respondent responded in opposition (Docket No. 19). The respondent responded to the petition on February 8, 2018, contending that the petition should be dismissed. (Docket No. 22). The petitioner then filed a motion to supplement the record (Docket No. 23), to which the respondent responded in opposition (Docket No. 25).

## II.    Analysis

### A.    Motion to amend original petition

The petitioner filed a motion to amend his habeas petition "to show petitioner's exhaustion of all State Court Remedies and to clarify the reasons in ground eight, the Actual/Factual innocence of Petitioner, as stated in the original petition." (Docket No. 9 at 1). The court has compared the original petition to the proposed amended petition filed by the petitioner. The amended petition is identical to the original petition other than the petitioner added language regarding his exhaustion of state court remedies and clarified his argument with respect to his actual innocence claim. (*Compare* Docket No. 1 at 3, 22-23 *to* Docket No. 9, Attach. 1 at 3, 23).

A court may grant leave to amend a habeas pleading at any time during the pendency of the proceeding "when justice so requires." Fed. R. Civ. P. 15(a)(2); 28 U.S.C. § 2242, Fed. R. Civ.P. 81(a)(4); Rule 12, Rules Governing § 2254 Cases. The decision to grant or deny leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *March v.*

2

*Sexton*, No. 3:12-cv-270, 2013 WL 3147213, at *3 (M.D. Tenn. June 18, 2013). Here, the court finds that the respondent will not be prejudiced by the filing of the petitioner's amended petition and justice requires the filing of the amended petition. The petitioner, therefore, should be allowed to file his amended petition. The motion to submit an amended petition, therefore, will be granted.

  **B. Motion for the appointment of counsel**

  The petitioner seeks the appointment of counsel. (Docket No. 18). In support of his request for the appointment of counsel, the petitioner states that he is an indigent layman, his case is "complex," and he "is unable to gather the records, documents and testimony as a Pro Se litigant to enable petitioner to prosecute this case fully." (*Id.* at 2-3).

  The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). When deciding whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved. *Id.* at 606.

  The petitioner's circumstances of proceeding pro se and indigent are typical to many prisoners and do not suggest anything exceptional in nature. *Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant);

3

*Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants).

The petitioner also asserts that his case is "complex," necessitating the appointment of counsel. (Docket No. 18 at 2). According to the respondent, the petition alleges several exhausted claims, including claims of ineffective assistance of trial and appellate counsel, as well as several non-exhausted claims, the majority of which are based on the factual predicates underlying his ineffective assistance of counsel claims. (Docket No. 19 at 2). The petitioner clearly articulates his claims for relief, which demonstrates that he is more than capable of representing himself at this time and that the nature of the alleged factual and legal issues are not overly complex.

The petitioner further asserts that he needs appointed counsel because he cannot "gather the records, documents and testimony" he needs to prosecute his case "fully." (Docket No. 18 at 3). Habeas Rule 5 requires the respondent to provide the complete state court record to the court and to the petitioner. R. 5(c), Rules Gov'g § 2254 Cases. In addition, the court previously ordered the respondent to "file the complete state court record relevant to this matter." (Docket No. 8 at 2). The respondent complied with Habeas Rule 5 and the court's order by filing the complete state record on February 8, 2018, and by supplementing the record on March 12, 2018, with documents that were previously unavailable to the respondent. (Docket Nos. 21 and 24). Thus, the petitioner need not gather any information; the full state court record is now accessible to the petitioner and to the court.

Considering all of the arguments made by both sides and the record currently before the court, the court finds that the petitioner possesses the ability to represent himself at this time. His motion seeking the appointment of counsel, therefore, will be denied.

C.  **Motion to supplement the record**

The respondent filed the state court record on February 8, 2018 (Docket No. 21) and

supplemented the record with documents that were previously unavailable to the respondent on March 12, 2018 (Docket No. 24). The petitioner moves to supplement the record with his state habeas proceedings and his motion to correct illegal sentence proceedings along with a transcript and tape of an interview between the petitioner's victims and investigators. (Docket No. 23).

The respondent opposes the petitioner's motion to supplement, contending that, if the court construes the petitioner's motion as a motion to expand the record, the court should not permit expansion because expansion is premature and unwarranted under Rule 7 of the Rules Governing Section 2254 Cases. (Docket No. 25 at 1). Alternatively, the respondent argues that, if the court construes the petitioner's motion as a motion for discovery, the petitioner fails to satisfy his burden under Rule 6 to justify granting discovery. (*Id.*)

Habeas Rule 7 states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief… [i]t may be perfectly appropriate…for the district court to proceed by requiring that the record be expanded." *Id.* (quoting *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970)). Thus, Rule 7 implies that the court should not permit expansion of the record if the pleadings and state court record adequately resolve the petitioner's claims. *See Flores v. Holloway*, No. 3:17-cv-246, 2018 WL 573121, at *4 (M.D. Tenn. Jan. 26, 2018)(denying expansion of the record and finding that the expansion should not be granted unless the court does not dismiss the petition on the pleadings and the presented state court record).

5

Additionally, if a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." *Samatar v. Clarridge*, 225 F. App'x 366, 375 (6th Cir. 2007) (quoting *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005)). Thus, the petitioner must also satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B). Therefore, the petitioner also must satisfy the statutory prerequisites articulated in Section 2254(e)(2) to expand the record.

Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good

cause" is not demonstrated by "bald assertions" or "conclusory allegations." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Willliams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. *Id.* Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Id.*

In this case, the court has not yet decided the petitioner's claims using the pleadings and current state-court record; therefore, at this time, expansion of the record is premature and unwarranted according to Rule 7's advisory notes. R. 7(a), R. Gov'g § 2254 Cases; R. 7, R. Gov'g § 2254 Cases advisory committee's note; *Flores*, 2018 WL 573121, at *4. In addition, the petitioner fails to satisfy the prerequisites set forth in Section 2254(e). *See Samatar*, 225 F. App'x at 375. Consequently, if the court construes the petitioner's motion to supplement as a motion to expand the record, the court must deny the motion at this time.

If the court alternatively construes the petitioner's motion as a motion for discovery under Rule 6, the motion still must be denied because the petitioner does not state good cause for discovery of the three items. With respect to the first two items, the petitioner states no reason at all for discovery of these items. With respect to the third item, the transcript and tape, the petitioner does not explain how the requested discovery is materially related to a claim or claims raised in his habeas petition and/or how the requested discovery is likely to resolve any factual disputes that could entitle the petitioner to relief. "Cases in which the courts have granted Habeas Rule 6 discovery are cases were [sic] a habeas petitioner established good cause for discovery by making sufficient specific factual allegations corroborating the underlying habeas claim." *Dellinger v. Bell*, No. 3:09-cv-104, 2011 WL

7

4585268, at *2 (E.D. Tenn. Sept. 30, 2011).

Moreover, the petitioner fails to explain why he only now advances this material. As the Sixth Circuit explains in another case:

> The essence of the petitioner's claim is that the record in the state court proceedings, and therefore in the district court, was inadequately developed and that he is entitled to discovery and an evidentiary hearing in federal court to provide substance to the claims raised in his habeas petition. However, the conclusion is inescapable that, if the state court record was inadequately developed, it was so because the petitioner failed to pursue the avenues that were available to him to develop it.

*Byrd v. Collins*, 209 F.3d 486, 516 (6th Cir. 2000).

In his response to the respondent's opposition to the petitioner's motion to supplement, the petitioner states that he "is not attempting to supplement the record, or to expand the record, or seek discovery[; he is] only asking this Court to compel the respondent to file the complete state court record as was ordered in this courts [sic] order of December 7, 2017." (Docket No. 26 at 2). However, according to the respondent, the three items were not part of the state court record. If a habeas claim is properly exhausted in state court, the court must evaluate the record only as it existed when the state court adjudicated the claim on its merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The respondent concedes that the petitioner properly exhausted his ineffective assistance of counsel based on hearsay claim in the state courts. (Docket No. 25 at 35). Thus, under *Pinholster*, the court is confined to the state court record as it was presented to the state courts when they adjudicated the claim on its merits.

Even so, the respondent contends that the petitioner has not advanced "specific allegations" showing reason to believe that, if the three items are included in the record, the petitioner will be able to demonstrate that he is entitled to relief on any of the claims raised in his federal habeas petition.

8

*Williams*, 380 F.3d at 974. In his motion to supplement, the petitioner asserts that the "transcript and tape is [sic] necessary for the court to get a full understanding of the testimony presented by Veronica Gomez and the inconsistent statements made by the alleged victims." (Docket No. 23 at 2). In his petition, however, the petitioner does not allege anything relating to "inconsistent statements." (*See generally* Docket No. 1). The closest claim the court can connect to the petitioner's "inconsistent statements" allegation is the petitioner's claim that excludable hearsay was wrongfully admitted and that trial counsel was ineffective for not challenging the admission. (Docket No. 1 at 9, 19). However, the petitioner never raised a challenge regarding "inconsistent statements" in state court. (*See* Docket No. 21, Attach. 23 at 27-30). Challenging the admission of what the petitioner alleges was inadmissible hearsay is different than challenging a witness's inconsistent statements. In short, the petitioner has not alleged any issue with "inconsistent statements" in either federal and state court, and he has not demonstrated good cause for discovery of item 3. Therefore, construing the petitioner's motion as a motion for discovery under Rule 6, the motion should be denied.

**III.  Conclusion**

For the reasons explained herein, the petitioner's motion for leave to amend original petition (Docket No. 9) will be granted. However, the petitioner's motion for appointment of counsel (Docket No. 18) will be denied. Likewise, the petitioner's motion to supplement the record (Docket No. 23) will be denied, whether construed as motion to expand the record or, alternatively, as a motion for discovery.

An appropriate order will be entered.

ENTER this 24th day of July 2018.

_____
Aleta A. Trauger
United States District Judge